**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

DANIEL DIXON,

        Plaintiff - Appellant,

  v.

CORRECTIONAL CORPORATION OF
AMERICA, INC.; ACOSTA; DOSER;
WILKERSON; PHILLIP VALDEZ;
IDAHO CORRECTIONAL CENTER,

        Defendants - Appellees.

No. 10-35433

D.C. No. 1:08-cv-00437-BLW

MEMORANDUM[*]

---

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Submitted March 9, 2011[**]
Portland, Oregon

Before: D.W. NELSON, THOMAS, and GRABER, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Daniel Dixon appeals the district court's order granting the Defendants' motion to dismiss Dixon's 42 U.S.C. § 1983 suit because Dixon failed to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act of 1995. *See* 42 U.S.C. § 1997e(a). Dixon also appeals the district court's dismissal of his subpoena requests as moot. We affirm.

"[W]e have held that the failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter in abatement, which is subject to an unenumerated [Federal Rule of Civil Procedure] 12(b) motion rather than a motion for summary judgment." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Id.* at 1119-20. We review the district court's factual findings for clear error and legal determinations de novo. *Id.* at 1120.

Defendants have produced Dixon's grievance file, which shows that Dixon failed to appeal the relevant grievances to the highest prison grievance authority. Dixon's grievances are clearly labeled as such, and Defendants represent that the complete file has been produced. *See id.* (reversing district court's factual determination that prisoner had failed to exhaust remedies because the evidence did not show that the appeal record was complete or authentic). On this record, we

2

cannot say that the district court's finding that Dixon failed to exhaust his remedies was clearly erroneous.

Dixon argues alternatively that prison officials threatened him with retaliation and thereby rendered further administrative remedies effectively unavailable. The record establishes that Dixon continued to file grievances, even regarding the prison staff, after the date of the alleged threats. The district court's determination that the prison staff's conduct did not prevent Dixon from exhausting his remedies was not clearly erroneous.

Finally, the district court's dismissal of Dixon's subpoena requests as moot was proper.

**AFFIRMED.**